IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Thomas Thompson, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 9:21-cv-0631-TMC |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Warden of Tyger River Correctional Institution,[1] | ) ) | |
| | ) | |
| Respondent. | ) ) | |

Petitioner Thomas Thompson ("Petitioner"), a state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254[2] on March 4, 2021. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), D.S.C., this matter was referred to a magistrate judge for pretrial handling. On May 24, 2021, Respondent filed a Motion for Summary Judgment. (ECF No. 13). Petitioner filed a response in opposition to the motion on June 21, 2021. (ECF No. 16).

Now before the court is the magistrate judge's Report and Recommendation ("Report"), recommending the court grant summary judgment for Respondent. (ECF No. 18). The Report further advised Petitioner of his right to file specific objections to the magistrate judge's findings and recommendations therein. *Id*. at 12. The Report was mailed to Petitioner at the address he provided to the court on September 17, 2021, (ECF No. 19), and has not been returned. Thus,

---

[1] Respondent S.C. Dept. of Probation, Parole, and Pardon Services was properly terminated as a party to this action pursuant to the magistrate judge's order dated April 14, 2021. (ECF No. 8 at 1).

[2] In his Petition, Petitioner purports to bring this action under 28 U.S.C. § 2241. (ECF No. 1). However, because Petitioner is a state prisoner in the custody of the State of South Carolina, this Petition should be treated as an application under § 2254. *See In re Wright*, 826 F.3d 774, 779 (4th Cir. 2016) (holding that, "regardless of how they are styled, federal habeas petitions of prisoners who are 'in custody pursuant to the judgment of a State court' should be treated as 'applications under section 2254'").

1

Petitioner is deemed to have received the report. Nevertheless, to date, Petitioner has filed no objections to the Report, and the time to do so has now run.

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). In the absence of objections, this court is not required to provide an explanation for adopting the Report. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 Advisory Committee's note). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal the district court's judgment based upon that recommendation. *See Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017).

Therefore, having thoroughly reviewed the Report and the record under the appropriate standards and, finding no clear error, the court adopts the Report in its entirety (ECF No. 18), and incorporates it herein. Accordingly, Respondent's Motion for Summary Judgment (ECF No. 13) is **GRANTED** and Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is **DISMISSED**.

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant

matter, the court finds that the petitioner failed to make a "substantial showing of the denial of a constitutional right." Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
October 5, 2021

3